UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE RAMSEY and TRAVIS
SAMMONS,

                Plaintiffs,                  Case Number 20-13124

v.                                                        Honorable David M. Lawson

DAVID RIVARD,

                Defendant.
_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

On September 26, 2023, the Court issued an opinion dismissing some of the plaintiffs' claims but allowing certain claims against defendant Rivard to proceed. Defendant Rivard filed a notice of his appeal of the Court's ruling denying his motion for summary judgment based in part on his claim of qualified immunity. The Court granted the parties' joint request to stay the proceedings until October 24, 2023, after which the defendant's notice of appeal transferred jurisdiction to the court of appeals. On October 24, 2023, the plaintiffs filed a motion styled as a request for a "certificate of appealability," although it appears that the relief they actually seek is a determination that the order dismissing some of claims be deemed a final order under Federal Rule of Civil Procedure 54(b). The Court has considered the motion and finds that the plaintiffs have not advanced persuasive grounds to deem the dismissal of some claims a final judgment or that their cross-appeal should be certified to the court of appeals. Their motion therefore will be denied.

Federal Rule of Civil Procedure 54(b) generally governs the entry of judgment after a dispositive ruling adjudicating less than all of the live claims in a suit. Although such a ruling typically is not a final decision subject to immediate appeal, the Sixth Circuit has recognized a

procedure whereby the Court may render the ruling amenable to immediate interlocutory appeal. "Under Federal Rule of Civil Procedure 54(b), the district court may certify a partial grant of summary judgment for immediate appeal if the court expressly determines that there is no just reason for delay." *Greene v. Crawford County*, 22 F.4th 593, 604-05 (6th Cir. 2022) (cleaned up). "Proper certification under Rule 54(b) is a two-step process. First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *Id.* at 605.

The plaintiffs have not demonstrated that immediate appellate review of the ruling dismissing some of their claims would advance the ultimate conclusion of this case or that there is "no just reason" for entering a final judgment on those claims. An interlocutory appeal conceivably could complicate and delay the resolution of the case without materially advancing its ultimate resolution.

Interlocutory appeals are not favored. Still, the defendant chose that route here to attempt an assertion of his qualified immunity defense. But as the Sixth Circuit has explained, although "[t]ypically, [the court of appeals] lack[s] jurisdiction to review a denial of summary judgment," it may "review a denial of qualified immunity . . . if it 'turns on an issue of law.'" *Perez v. Simpson*, No. 23-5193, 2023 WL 6619438, at *1 (6th Cir. Oct. 11, 2023) (citing 28 U.S.C. § 1291; *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Just as in the Sixth Circuit's recent decision in *Perez*, "in this case, the facts are everything." *Ibid.* As this Court observed in its recent ruling, the denial of qualified immunity to defendant Rivard was based primarily on the conclusion that substantial fact questions remain on which a jury could go either way, including an assessment of whether the single-suspect show up procedure was unduly suggestive, as well as the choice between which

narrative to accept as true when weighing the competing testimony by defendant Rivard and non-party witness DyJuan Jones about whether witness Jones ever identified plaintiff Sammons as the shooter.  If the court of appeals finds that the issues presented by the defendants' appeal are fact-bound rather than pure questions of law, as it likely will, then it presumably will make short work of the appeal here as it did in the *Perez* case.  If that occurs, then the pendency of the plaintiffs' competing cross-appeal could have the undesirable effect of delaying the prompt resumption of proceedings in this Court, which would work counter to the goal of judicial economy that usually animates the indulgence of interlocutory appeals for crucial dispositive issues.  Facilitating such a delay here would not advance the interests of justice in this instance.

Accordingly, it is **ORDERED** that the plaintiff's motion for a certificate of appealability (ECF No. 111) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 30, 2023